LOUIS SNEIDER, APPELLANT, *v.* HENRY TREICHLER AND ELI G. TREICHLER, RESPONDENTS.

*Negligence — proof of what facts require the submission to the jury of the question as to dangerous machinery.*

In an action brought to recover damages for a personal injury, sustained by the plaintiff while at work for the defendants on a threshing-machine, it appeared that the plaintiff was a farm laborer, and was set at work by the defendants cutting the bands upon bundles of wheat on the "table" upon which the bundles were thrown from the mow. The table was supported on the side of the threshing-machine by two hinges, the pins in which were horizontal and were both pointed in the same direction, so that it could be slipped off and on horizontally. To prevent its slipping off when the machine was in operation a soft-wood cleat was attached at the end of it, which, when the latter was raised to the level, shut down against a hard-wood peg in the side of the machine. A portion of this cleat broke off by reason of the pressure upon it; the table slipped on its hinges; the side next the machine dropped; the plaintiff was thrown onto the machine and his hand came in contact with the teeth of the revolving cylinder and was seriously injured. The evidence tended to show that the break in the cleat was not recent; that the cleat was worn and weakened by use, and that its defective condition would have been disclosed by a careful examination.

*Held,* that the facts in this case required that the question of negligence on the part of the defendants should be submitted to the jury.

APPEAL by the plaintiff from a judgment entered, after a trial at the Niagara Circuit before the court and a jury, in the office of the clerk of the county of Niagara on the 7th day of June, 1889, and from an order denying the plaintiff's motion for a new trial, made upon the minutes of the court, entered in said clerk's office on the same day.

*E. M. & F. M. Ashley*, for the appellant

*Richard Crowley*, for the respondents.

DWIGHT, P. J.:

The action was to recover damages for a personal injury sustained by the plaintiff while at work for the defendants on a threshing machine owned and operated by them. The action is based upon the allegation of negligence, on the part of the defendants, in respect to furnishing safe machinery and appliances for the plaintiff's use ; and a verdict was directed for the defendants on the ground that the evidence failed to establish the negligence alleged. The direction was error unless it is manifest that no case was made for the consideration of the jury upon the issue mentioned.

Actionable negligence is seldom capable of positive demonstration or of being established by direct evidence. It must usually be inferred from the circumstances of the case, and whenever that inference can be drawn from established facts, without violating reasonable probability, the question is for the jury. Antecedent circumstances, those attending, and even those following the result complained of, may each or all afford a presumption of negligence as an efficient cause of that result ; and it is the province of the jury to estimate the effect and value of the presumptive evidence. Moreover, when different inferences may be drawn from the same facts, or when the facts themselves are in dispute, it is for the jury to determine what facts are established by the greater weight of evidence, and what inference is most reasonably drawn from the facts found to be established. In view of these familiar principles, it is rare that the question of negligence comes to be a question for the court, if there is any evidence in the case which tends to show that negligence existed. These principles were fully recognized by the learned judge who directed the verdict in this case, for he said, in giving the direction to the jury : " Where there is evidence warranting the finding of negligence, it becomes a question of fact, but where there is none, and an affirmative finding would rest upon pure guess-work, a question of law is involved." The principle was correctly stated, but, after a careful review of the evidence as presented by this record, we are unable to concede the correctness of its application to this case.

The plaintiff was a farm laborer, in the employ of one of the defendants, and was sometimes set at work on the threshing machine, though not regularly employed in that business. On the day of the accident he was sent by his employer to a neighboring farm to assist in threshing some wheat belonging to the other defendant. Both of the defendants were present, the machine was set up in the barn, and the plaintiff was set at work cutting bands on " the table " to which the bundles were pitched from the mow. The part of the table which went with the machine consisted of a leaf attachable to the side of the separator, and this was widened to reach the mow by a temporary structure of boards. The leaf, when in position, was supported, on the side of the machine, by two hinges, of which the pins were horizontal and both pointed in the same direction, so that the leaf could be slipped on and off, horizontally, as occasion required. To prevent its slipping off when the machine was in operation, a soft-wood cleat was attached to the end of the leaf, which, when the latter was raised to a level, shut down against a hard-wood peg in the side of the machine. This was the only appliance which resisted the tendency of the constant vibration of the separator to throw the leaf off its hinges, and it is apparent that in proportion to that tendency there was a constant pressure and friction between the cleat and peg.

The position occupied by the plaintiff was one of great danger if the leaf should become detached from the machine while the latter was in motion. The necessary effect was to suddenly drop the side of the table next the machine and, as in the actual case, precipitate the person standing on the table onto or into the machine itself.

In the case of the plaintiff the appliance described proved defective; a portion of the cleat in contact with the peg either had been or was then broken off by the pressure upon it; the leaf was slipped from its hinges; the side next the machine was dropped without warning; the plaintiff was thrown onto the machine, and his hand — probably thrust out in the instinctive effort to save himself — came in contact with the teeth of the rapidly-revolving cylinder and was, substantially, torn from his arm.

The defendants owed to the plaintiff the duty of reasonable care to supply to him and his fellow workmen machinery and appliances of such construction and in such condition of repair as not to sub-

ject him to unnecessary danger in the position in which he was placed. This principle applies to so rude and simple a contrivance as the cleat and peg as fully as to more intricate and elaborate machinery. Upon it depended safety to life and limb. As was demonstrated by the event, it was liable to become out of order. The fact that it had never failed before, tended to show that its loss of efficiency at this time was the result of ordinary wear and tear; a cause of deterioration to which all machinery is liable in a greater or less degree, and against which the only safeguard is reasonable inspection. Of course, the frequency and thoroughness of the inspection required, depends very much upon the original strength and fitness of the appliance; and the obligation to keep it in repair is proportioned to the degree of danger involved in its use.

There was direct evidence in the case which tended to show that the break in the cleat was not recent; that the cleat was worn and weakened by use, and that its defective condition would have been apparent on careful examination. This was evidence which, upon the familiar principles here re-stated, required, as we think, the submission to the jury of the question whether the defendants had omitted to exercise all due and reasonable care to insure the reasonably safe condition of the particular appliance upon which the safety of the plaintiff depended. We by no means intend to intimate that a case was made for a recovery; but we are of opinion that, upon the question of the defendants' negligence, a case was made upon which the jury should have been permitted to pass, and that the direction of a verdict for the defendants was error, for which the judgment should be reversed and a new trial granted.

MACOMBER, J., concurred; CORLETT, J., not sitting.

Judgment and order reversed and a new trial granted, with costs to appellant to abide the event.